IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. |
| MICHAEL STEPHEN AUTRY,<br>ANDRE ADAM NGUYEN,<br>MARK WILLIAM JARAMILLO,<br>JACOB MONTGOMERY GIBSON,<br>and CHARLES D. THOMPSON, | 1:18-CR-111-MLB-CMS |
| Defendants. | |

## REPORT AND RECOMMENDATION

On March 5, 2018, the Government presented a Criminal Complaint to Linda T. Walker, a United States Magistrate Judge in the Northern District of Georgia, accusing Defendant Michael Stephen Autry of violating Title 18 United States Code Section 2252(a)(2) (receipt/distribution of child pornography) and Section 2251(d) (advertising for child pornography). [Doc. 1]. The Complaint was supported by an affidavit of Megan Perry, a Special Agent with the Federal Bureau of Investigation ("FBI"). [Id. at 2–9 ("Perry Aff.")].

In the affidavit, Special Agent Perry averred that Mr. Autry had sent child pornography to an FBI undercover employee using Kik Messenger, a one-on-one instant messaging service. [Perry Aff. ¶¶ 10, 25]. The affidavit also alleged that Mr.

Autry created and/or participated in Kik chat groups for people interested in taboo topics (such as incest) and that Mr. Autry and others posted illegal images and links to child pornography in those groups.  [Id. ¶¶ 11–14, 18–24].  Judge Walker signed the Complaint on March 5, 2018.  [Doc. 1 at 1].

Three days later, Mr. Autry was arrested in the Western District of Texas, and he was brought before Andrew W. Austin, a United States Magistrate Judge.  Judge Austin conducted a preliminary hearing, after which he issued a written Order dated April 3, 2018.  [Doc. 155-1].  In the Order, Judge Austin dismissed without prejudice the Section 2251(d) charge, concluding that the "notice or advertisement" element of the statute had not been met.  [Id. at 5].  According to Judge Austin, the evidence showed that Mr. Autry had been part of a group message with three or four other people and that Mr. Autry transmitted images of child pornography and/or invited others to transmit images of child pornography to the group.  [Id. at 1].  Judge Austin ruled that the charged conduct amounted to merely expressing an interest in receiving child pornography which was not sufficient to escalate the charge from possession/receipt of child pornography (which carries a five-year mandatory minimum) to advertising for child pornography (which carries a fifteen-year mandatory minimum).  [Id. at 3].  Judge Austin found it significant that the case

involved only "three to four users, all of whom were individuals that Autry was already communicating with about child pornography." [Id. at 3–5].[1]

On April 3, 2018, the same day that Judge Austin issued his Order, a grand jury sitting in the Northern District of Georgia returned a one-count indictment against Mr. Autry, charging him with advertising for child pornography in violation of Section 2251(d).  [Doc. 9].  Three months later, on July 2, 2018, a federal grand jury returned a superseding indictment adding seven defendants to the case.  [Doc. 23 ("Superseding Indictment")].

The single-count Superseding Indictment alleges that Mr. Autry and his seven co-defendants, aided and abetted by each other and others known and unknown to the grand jury, made a "notice and advertisement" for child pornography, in violation of Title 18 United States Code Sections 2251(d)(1)(A) and 2.[2]  [Doc. 23 at 1–2].  In its brief, the Government provides the following statement concerning the facts that it anticipates the evidence will show:

---

[1]  It is not clear why Judge Austin believed that the charged conduct involved only three or four users.  According to the Government, the chat group at issue in this case had approximately fifty-three members.  [Doc. 176 at 8, n.2].

[2]  Both the original indictment and the Superseding Indictment also charge a violation of Title 18 United States Code Section 2252(e), but there is no such section in Title 18.

3

The conduct leading to the charge was that the Defendants are alleged to have been participants in an online group called "Taboo Train 2.0." The group operated on Kik Messenger, which is a cell phone and tablet app that allows persons to exchange messages as well as upload images, videos, Internet links, and documents. Persons could join Taboo Train 2.0 only if they were invited into the group by another member. Such is the case with an FBI agent, who was posing as a mother with a child and who was invited to be a member of the group on June 5, 2017.

[Doc. 176 at 1–2].

The following five defendants have filed motions presently pending before the Court: Mr. Autry, Andre Adam Nguyen, Mark William Jaramillo, Jacob Montgomery Gibson, and Charles D. Thompson (collectively, "Defendants").[3] Each of the Defendants has filed one or more motions to dismiss the Superseding Indictment. [Doc. 151 (Autry); Docs. 160, 168 (Nguyen); Doc. 155 (Jaramillo); Doc. 149 (Gibson); and Docs. 171, 173, 174 (Thompson)]. They have also each filed a motion challenging venue. [Doc. 152 (Autry); Doc. 158 (Nguyen); Doc. 175 (Jaramillo); Doc. 147 (Gibson); and Doc. 172 (Thompson)]. For the reasons that follow, I recommend that each of these motions be denied.

---

[3] Defendant Enrique Barajas Ortega did not file any pretrial motions, and I certified his case ready for trial on August 21, 2019. [Doc. 185]. Defendant Jonathan Russell Monson has not yet been arrested on this case. Defendant Sebastian M. Attar's case was transferred to the District of New Jersey pursuant to Federal Rule of Criminal Procedure 20. [Docket Entry dated May 20, 2019].

4

## I.      Motions to Dismiss

In their motions to dismiss, Defendants first challenge the Superseding Indictment as insufficient based on Federal Rule of Criminal Procedure 12(b)(3)(B)(v), which allows a defendant to move for dismissal for failure to state an offense.

"In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."  U.S. CONST. amend. VI.  The Federal Rules of Criminal Procedure require that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. P. 7(c)(1).  The Eleventh Circuit has held that an indictment is sufficient if it tracks the wording of the statute, so long as the language sets forth the essential elements of the crime.  See United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992).  In ruling on a motion to dismiss, "[t]he sufficiency of a criminal indictment is determined from its face."  Id. (reversing a trial court's dismissal where the court had considered facts that the Government stated it intended to prove at trial); see also United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (reversing a trial court's post-trial dismissal where the court considered the evidence that had been presented at trial).

The relevant portion of the statute that Defendants are alleged to have violated provides:

### § 2251.  Sexual exploitation of children

\* \* \*

(d)(1) Any person who, in a circumstance described in paragraph (2), knowingly makes, prints, or publishes, or causes to be made, printed, or published, any notice or advertisement seeking or offering—

> (A) to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct . . . .

> (2) The circumstance referred to in paragraph (1) is that—

> (A) such person knows or has reason to know that such notice or advertisement will be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed; or

> (B) such notice or advertisement is transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed.

18 U.S.C. § 2251(d).  The charge in the Superseding Indictment is comprised of the following single sentence that tracks the language of the statute:

> Beginning on a date unknown to the grand jury, but no later than on or about June 5, 2017, and continuing until on or about June 22, 2017, in the Northern District of Georgia and elsewhere, the defendants,

Michael Stephen Autry, also known as Luke Lefty, Enrique Barajas Ortega, also known as Rick the Ruler, Jonathan Russell Monson, also known as [emoticon] john, Andre Adam Nguyen, also known as Carlos Spicyweiner, Sebastian M. Attar, also known as Seb Seb, Mark William Jaramillo, also known as Mark J, Jacob Montgomery Gibson, also known as fawkwitit, and Charles D. Thompson, also known as hey t, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly make, print, and publish a notice and advertisement offering to exchange, display, and distribute one or more visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct and which visual depictions were of such conduct, knowing and having reason to know that such notice and advertisement would be transported using any means and facility of interstate and foreign commerce and in and affecting such commerce by any means including by computer, and where such notice and advertisement was actually transported using any means and facility of interstate and foreign commerce and in or affecting such commerce by any means including by computer, in that the defendants posted images and videos as well as links in groups, which links led other users to access child pornography files maintained in Internet user accounts, in violation of Title 18, United States Code, Sections 2251(d)(1)(A), 2252(e), and 2.

[Doc. 23 at 1–2].

Defendants argue that the Superseding Indictment fails to include any facts that specify the particular conduct that any one of them allegedly engaged in that might constitute the offense. But this is not true. The Superseding Indictment specifies the manner and means by which Defendants allegedly committed the crime, i.e., **by posting images and videos and by posting links that led other users to access child pornography files**. [Doc. 23 at 2]. The single count of the Superseding Indictment tracks the statute's wording, alleges each element of the

7

statute, identifies the location of the crime, and names the aiders and abettors by both their known names and their Kik identities.  Although there are no specific dates, times, or descriptions provided, the Superseding Indictment charges in the language of the statute, contains all the elements of the offense charged, and sufficiently apprises Defendants of what they must be prepared to meet.  As such, it is legally sufficient.  See Sharpe, 438 F.3d at 1263.  To the extent, however, that Defendants are unclear exactly which of their acts or statements are alleged to be illegal, I have ordered the Government to provide Defendants with a bill of particulars.  [Doc. 198].

Alternatively, Defendants argue that even accepting the factual allegations as true, the Government's case against them fails as a matter of substantive law.  They ask this Court to rule now that communications made within a closed chat group in an invitation-only forum can never qualify as a "notice or advertisement" under Section 2251(d) because the communications lack any public aspect.  While this is an intriguing legal issue, Eleventh Circuit precedent prohibits me from considering Defendants' arguments at this stage of the case.[4]

---

[4] The law in this Circuit on what constitutes a "notice or advertisement" is developing.  In United States v. Caniff, 916 F.3d 929, 930 (11th Cir. 2019), the Eleventh Circuit recently held that a defendant's solicitation of child pornography via one-on-one text messages was sufficient to support a conviction under the advertising statute.  See id. at 937.  The Government argues that if Section 2252(d)(1)'s phrase "notice or advertisement" is broad enough to include

In United States v. Critzer, the defendant filed a pretrial motion to dismiss the indictment, and in response, the Government "gratuitously listed the facts that it expected to prove at trial and explained how those facts constituted the offense charged." Critzer, 951 F.2d at 307. The trial court then "looked beyond the face of the indictment," considered the facts that the Government had (gratuitously) proffered and granted the motion to dismiss. The Eleventh Circuit reversed, stating:

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.

Id. at 307.

The determination that I am currently tasked with making is whether the indictment is legally sufficient on its face—not whether the Government can

---

individually-directed text messages such as those at issue in Caniff, then multiple persons engaging in such conduct in a group chat should certainly fall within the statute's definition. I note, however, that the Caniff opinion came with a lengthy and thoughtful dissent, and the mandate has been withheld. Thus, the Eleventh Circuit may have the opportunity to revisit this issue in the near future. Other circuits, however, have ruled in the Government's favor on this point of law, concluding that evidence that a defendant posted child pornography in an online chat room, message board, or other closed network similar to that alleged here was sufficient to sustain a conviction under the advertising statute. See United States v. Franklin, 785 F.3d 1365 (10th Cir. 2015); United States v. Gries, 877 F.3d 255 (7th Cir. 2017); United States v. Grovo, 826 F.3d 1207 (9th Cir. 2016).

9

ultimately prove its case at trial.  The purpose of a motion to dismiss is to point out defects in the indictment, such as the failure to allege all the elements of a crime or the failure to include sufficient detail to allow the defendant to prepare a defense. Here, Defendants have identified no such defects.

Accordingly, I recommend that the various motions to dismiss be DENIED.

## II.    Motion to Dismiss for Improper Venue

Defendants next argue that the charges against them should be dismissed due to improper venue.  Defendants argue that venue is not proper in the Northern District of Georgia because the offense alleged in the Superseding Indictment did not begin in this district, and none of them entered or committed any act within this district.  The Government responds that venue is proper because an undercover FBI agent was invited to join—and in fact did join—the offending Kik group while the agent was in the Northern District of Georgia.  [Doc. 176].

Article III of the United States Constitution provides: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed . . . ."  U.S. CONST. art. III § 2, cl. 3.  The Sixth Amendment to the Constitution also addresses venue: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been

10

committed . . . ."[5]   U.S. CONST. amend. VI.   These Constitutional provisions are designed to guard against bias and inconvenience.   See United States v. Johnson, 323 U.S. 273 (1944).

The advertising statute under which Defendants are charged in this case does not have a venue provision. As a result, the general venue statute applies.   That statute provides:

> Any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237(a).   The Eleventh Circuit has not addressed the issue of where venue properly lies for a Section 2251(c) prosecution.

The Second Circuit, however, has analyzed the venue issue in connection with a case involving child pornography in a chat-room.   In United States v. Rowe, an undercover law enforcement officer in New York entered an internet chat room and saw a posting that the defendant had made from his home in Kentucky.   Rowe, 414 F.3d 271 (2d Cir. 2005).   A jury later found that the posting constituted an

---

[5] The Federal Rules of Criminal Procedure preserve this substantial Constitutional right by providing that "(e)xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." FED. R. CRIM. P. 18.

advertisement for child pornography.  Id. at 277.  The defendant argued that venue

was improper in the Southern District of New York, and he filed a motion to transfer

the case to the Eastern District of Kentucky.  The district court denied the motion to

transfer venue, and the Second Circuit affirmed, noting that the venue question was

one of first impression.  The Second Circuit concluded that the defendant's act of

posting his advertisement in the chat room was a continuing offense because the

posting could be transmitted to anyone who opted to enter the chat room, which

could occur anywhere, at any time.  Id. at 279.  The evidence showed that the

undercover officer entered the chat room while in the Southern District of New York,

thereby causing a part of the continuing offense to occur in that district.  Id.  The

Second Circuit also noted that there was no basis to argue either bias or

inconvenience—the two "chief ills" that the Constitutional venue provisions are

meant to guard against.  Id. at 279–280.

Here, the Government states (and Defendants do not contradict) that the chat

lasted approximately eighteen days and that the FBI agent joined the chat in the

Northern District of Georgia.  I agree with the logic of the Second Circuit that: (1)

the crime alleged in the Superseding Indictment amounts to a continuing offense;

and (2) a part of that offense was committed in this district because the agent entered

the chat room in this district.  See Rowe, 414 F.3d at 279; see also United States v.

12

Thomas, 74 F.3d 701 (6th Cir. 1996) (holding that venue was proper in the Western District of Tennessee where an undercover officer who was located in Tennessee was able to access obscene materials from a California-based computer bulletin board business).  Moreover, like the Rowe case, the two chief concerns that drive the Constitutional venue provisions—bias and inconvenience—are not present in this case.  There is no indication that a jury in this district would disfavor the conduct more than a jury in Defendants' respective districts, and Defendants have not argued that having the trial in Atlanta would pose an undue burden on any of them.[6]  See Rowe, 414 F.3d at 279–80.  Defendants have cited no legal authority that would lead to a different result.

Accordingly, I recommend that Defendants' motions challenging venue be DENIED.

## III.    Conclusion

For the reasons stated, I **RECOMMEND** that the motions discussed herein [Docs. 147, 149, 151, 152, 155, 158, 160, 168, 171, 172, 173, 174, 175] be **DENIED.**

---

[6] In his reply brief, Defendant Thompson states "Mr. Thompson resides in Florida [,] and he will have to travel to face trial in the Northern District of Georgia because he is not in custody."  [Doc. 187 at 3].  He does not elaborate on this point or explain why such travel constitutes an undue burden.

It appears that there are no further outstanding pretrial or discovery matters for me to address.  Accordingly, this case is **CERTIFIED** as ready for trial.

**IT IS SO ORDERED** this 20th day of December 2019.

Catherine M. Salinas
United States Magistrate Judge